UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 11 CR 646 |
| vs. ) | Judge John W. Darrah |
| ) | |
| JAVON JOHNSON ) | |

**AGREED PROTECTIVE ORDER**
**GOVERNING POLE CAMERA RECORDINGS**

Upon agreement of the parties, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 377(a)(1) and (8), it is hereby ORDERED:

1. This Protective Order is in addition to and supplements the Protective Order Governing Discovery, entered in this case on October 12, 2011.

2. Defendant is charged with multiple violations of the Uniform Controlled Substances Act. At trial, the government expects its evidence to include surveillance of meetings between defendant and Luis Gambino during which defendant is alleged to have acquired controlled substance he intended to further distribute. Defendant denies that he committed the violations.

3. Pursuant to court order, the government installed a pole camera in the vicinity of Luis Gambino's residence, and for a period of time, the pole camera recorded the vicinity of Gambino's residence 24 hours per day, 7 days a week. In total, the pole camera generated approximately 1,867 hours of footage. In the course of discovery, the government produced to defendant all pole camera recordings covering the time periods during which the

government believes defendant was captured meeting with Luis Gambino. In addition, at defendant's request, the government provided additional pole camera footage for an extended time period, namely, approximately seven hours of recordings from before and after defendant is alleged to have been recorded meting with Luis Gambino.

4. Defendant now seeks production by the government of the total 1,867 hours of recordings made by the pole camera installed in the vicinity of Gambino's residence.

5. The government represents that the recordings consist primarily of events that do not include defendant. The pole camera recordings include events involving individuals who are not related to this case, some of whom are engaging in criminal conduct, and also includes recordings of individuals who are captured in the public way in view of the pole camera. The government has objections related to relevancy, and further has concerns about the dissemination of recordings of individuals not charged in or unrelated to this case, particularly in correctional institutions or on social media.

6. The government has agreed to waive its objections and produce the entire 1,867 hours of pole camera recordings to counsel for the defendant, in consideration for defendant complying with the following conditions:

    (a) defense counsel will use the pole camera recordings only for purposes of this case.

    (b) defense counsel will maintain custody of the pole camera recordings produced by the government after June 1, 2013, and all copies thereof. Defense counsel may

provide the pole camera recordings to an employee of defense counsel for the purpose of preparing for this case, provided that the employee agrees to be bound by the terms of the October 12, 2011 Protective Order Governing Discovery and this Protective Order. Defense counsel will not provide, electronically or physically or in any manner, the pole camera recordings produced by the government after June 1, 2013, or any portion or copy thereof, to any other person, including defendant, without three days' notice to the government to allow the government to object. Such notice must include what portion of the pole camera recordings will be provided to whom, and for what purpose.

      (c)    Defense counsel will maintain a record of any copies made of the pole camera recordings produced by the government after June 1, 2013, and after this case, including any appeal, is concluded, defense counsel will return to the government the original and all copies of these pole camera recordings, or, at defense counsel's option, delete all such pole camera recordings from its possession and provide to the government written confirmation of such deletion.

6. All provisions of the October 12, 2011 Protective Order Governing Discovery apply to the government's production of all pole camera recordings.

ENTER:

/s/ John W. Darrah
JOHN W. DARRAH
United States District Court
Northern District of Illinois

Date: 6/14/13